# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

**SNL FINANCIAL, LC**

>> *Plaintiff*,

**v.**                                                    **CIVIL ACTION NO.:  3:09CV10**

**PHILADELPHIA INDEMNITY INS. CO.**
>> *Defendant*.

## SNL FINANCIAL, LC'S
## MOTION FOR SUMMARY JUDGMENT

SNL Financial, LC ("SNL"), by counsel, for its Motion for Summary Judgment, pursuant to the provisions of Rule 56 of the Federal Rules of Civil Procedure, states the following:

1.     As set forth in the accompanying Brief in Support of this Motion for Summary Judgment, SNL is entitled to the entry of summary judgment on its request for declaratory relief.

2.     SNL complied fully with all conditions of the Insurance Policy issued it by defendant Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity"), including the duty to notify Philadelphia Indemnity upon notice of any "Claim," defined by Philadelphia Indemnity to mean a "written demand for monetary or non-monetary relief," and the duty to answer all questions on the Policy Renewal Application truthfully.

3.     The very language employed by Philadelphia Indemnity, not only in the Policy itself, but in its letter expressing its decision to deny coverage, and in the deposition testimony of its Rule 30(b) (6) witness, disproves Philadelphia Indemnity's argument that SNL's awareness of circumstances which "might later give rise to a claim," or which were "likely to give rise to a

claim for damages," constitutes a "Claim" under the policy, thereby triggering the notice requirement.   Under the express language of the Policy, SNL did not receive any notice of a Claim with respect to the lawsuit filed against it by Stephen Greenberg (the "Greenberg Discrimination Claims") until October 20, 2008, and it notified Philadelphia Indemnity of that Claim on October 27, 2008.

4.     Question #24 of the Policy Renewal Application asked only that SNL apprise Philadelphia Indemnity if it had been "the subject [of] or involved in any litigation in the past twelve (12) months" – not whether it expected, or anticipated, any lawsuits or legal actions being filed against it, but whether it had actually been involved in any lawsuits or legal action.   Until October 20, 2008, SNL was not involved in or the subject of litigation,  and therefore did not make any misrepresentations in completing the Policy Renewal Application by answering "no" to question No. 24.

5.     Having drafted the Policy and the Renewal Application, Philadelphia Indemnity is bound by them, and may not now seek to impose greater burdens on SNL than those placed on it by the language it chose.

6.     SNL is entitled to the entry of an order of summary judgment in its favor on its request for declaratory relief, declaring  that the Greenberg Discrimination Claims are covered under the terms of the Policy, and dismissing Philadelphia Indemnity's Counterclaim with prejudice, as well as to such other relief as may be appropriate pursuant to Virginia Code §8.01-186 or otherwise.

7.     In attempting to evade the clear language of the Policy, which it and it alone drafted, Philadelphia Indemnity acted in bad faith, and SNL is entitled to the recovery of its costs and reasonable attorneys' fees, pursuant to and in accordance with the provisions of Virginia

Code §38.2-209.

8.      SNL is also entitled to recover its costs and expenses pursuant to Virginia Code §8.01-190.

WHEREFORE, SNL moves the Court for the entry of an order of summary judgment in its favor on its request for declaratory relief, declaring  (i) that the Greenberg Discrimination Claims are covered under the terms of the Policy; (ii) that SNL recover its costs and expenses of this action pursuant to Virginia Code §8.01-190;  (iii) that SNL recover its costs and attorneys' fees pursuant to the provisions of Virginia Code §38.2-209;  (iii) dismissing Philadelphia Indemnity's Counterclaim with prejudice; and (iv) for such other relief as this Court deems just and proper, whether pursuant to Virginia Code §8.01-186 or otherwise.

Respectfully submitted,

**SNL FINANCIAL, LC**

By Counsel

COUNSEL:

**s/Thomas E. Albro**
Thomas E. Albro (VSB No.12812)
Patricia D. McGraw (VSB No. 33630)
TREMBLAY & SMITH, L.L.P.
105-09 East High Street
P.O. Box 1585
Charlottesville, VA  22902
Telephone:  (434) 977-4455
Facsimile:  (434) 979-1221
patty.mcgraw@tremblaysmith.com
tom.albro@tremblaysmit.com

Dennis S. Rooker (VSB #16459)
Dennis S. Rooker, P.C.
1421 Sachem Place, Suite 3

3

Charlottesville, Virginia 22901
Telephone: (434)977-7424
Facsimile: (434)974-7600

*Counsel for Plaintiff*
*SNL Financial, LC*

## <u>CERTIFICATE</u>

I hereby certify that on August 25, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David D. Hudgins, Esquire
Mary Gogoel, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314

*Counsel for Defendant.*

/s/_____
Thomas E. Albro