IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| SNL FINANCIAL, LC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 3:09cv00010 |
| | ) | |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

### REPLY TO OPPOSITION TO PHILADELPHIA'S MOTION FOR SUMMARY JUDGMENT

Defendant Philadelphia Indemnity Insurance Company, by counsel, files its Reply to the Opposition filed by plaintiff SNL Financial, LC to its Motion for Summary Judgment, and states as follows:

SNL first appeared to argue in its Motion for Summary Judgment that the subjective motivation of Philadelphia's personnel controlled the policy language. In its Opposition to Philadelphia's cross-motion, SNL shifted its argument and now alleges that Philadelphia is attempting to "rewrite the policy". In stark contrast, Philadelphia's position has remained consistent, with its request that this Court compare the straightforward language of coverage in its policy to the undisputed facts giving rise to SNL's duty to report the Greenberg claim. The elaborate arguments in SNL's Opposition notwithstanding, the central question in this litigation is simple -whether or not a "claim", as defined in the policy, was made by Greenberg against SNL prior to October 20, 2008. This Court should not be diverted from its analysis by SNL's elaborate discourse on matters having nothing to do with the material facts and applicable law.

It is undisputed that SNL received two letters in January 2008 from an attorney on

behalf of its former employee Greenberg, seeking an "amicable resolution" in an employment discrimination matter (Exhibit E to Complaint).  A common sense read of those letters made clear that Greenberg was looking for something – not nothing, as SNL appears to argue.  The dictionary definition of "amicable" is "friendly in feeling; showing good will; peaceable"[1], while the definition of "resolution" includes "solution to a problem"[2].  Thus, the term in a business context refers to working toward resolving a disagreement just short of litigation, akin to arbitration or mediation.  The letters clearly constituted a written demand for some kind of relief, either monetary or non-monetary, from SNL for Greenberg's employment discrimination dispute.  SNL's argument that the letters did not constitute "legal action" or "litigation" is entirely misplaced, as the definition of a claim under the policy does not include such terms (SNL's Opposition at p. 5).

SNL also misconstrues Philadelphia's argument regarding the case law interpreting reasonable notice in occurrence policies (SNL's Opposition at pp. 2-4).  The point being made by Philadelphia is that the policy wording, whether occurrence or claims made, will be afforded its ordinary and customary meaning when it is susceptible of such construction, and a reasonableness standard should apply.  *See*, <u>Admiral Ins. Co. v. G4S Youth Services</u>, --- F.Supp.2d ----, 2009 WL 1617952*6 (E.D.Va. 2009).  Philadelphia's argument that a reasonable person would construe the two letters as a "claim" against SNL is supported by SNL's actual (and reasonable) response to the letters, retaining counsel immediately and labeling the first January letter "Stephen Greenberg Legal Action".  SNL's oversight in not reporting the claim did not change the

---

[1] <u>Webster's New World College Dictionary</u> Copyright © 2005 by Wiley Publishing, Inc., Cleveland, Ohio.
[2] <u>The American Heritage® Dictionary of Business Terms</u> Copyright © 2009 by Houghton Mifflin Harcourt Publishing Company.

2

character of the letters or the policy requirements.

In any event, there is no doubt that SNL acquired knowledge of a written demand for money damages when counsel learned of the draft complaint in a conversation with Greenberg's counsel in June and later when counsel <u>actually</u> <u>viewed</u> <u>the</u> <u>draft</u> <u>complaint</u>. Whether or not SNL could obtain a copy, take pictures, or write notes when viewing the draft complaint is irrelevant to its awareness and knowledge of Greenberg's written demands. The details of the draft complaint clearly constituted notice of a claim to SNL under the policy, and it should have been reported. SNL's strained argument that they had not yet received a copy of the draft complaint, and therefore had no need to notify Philadelphia, is without merit. Equally misplaced is SNL's argument that it requested but did not receive a [settlement] demand at the time its counsel viewed the draft complaint. SNL avoids mention of the fact that the draft pleading included *ad damnum* language seeking relief in the amount of $16 Million. Moreover, SNL later solicited a settlement demand and responded (in writing) to Greenberg's lower settlement demand of $1.2 Million.

The policy obligates Philadelphia to pay only those claims made against SNL <u>and</u> <u>reported</u> to Philadelphia during the policy period. In Virginia, a party seeking coverage bears the ultimate burden of proving by a preponderance of the evidence that it is entitled to coverage, thus, the burden is on SNL to prove that coverage applies. <u>Capital Environmental Services, Inc. v. North River Ins. Co.</u>, 536 F.Supp.2d 633 (E.D.Va. 2008). It cannot be disputed that the claim was made while the 2007–2008 policy was in effect, but was not reported until after that policy's expiration. The policy is clear that the claim must be made and reported in one policy period, and SNL's failure to do so amounts to

3

noncompliance with the policy's notification of claim provision.   SNL's attempt to circumvent this strict condition precedent to coverage should be rejected.

In its Opposition, SNL maintains that the draft complaint outlining the employment discrimination claims, and containing the *ad damnum* of $16 Million, was not "litigation" that needed to be disclosed in its Renewal Application (Opposition at p. 6).  SNL is here playing a game of semantics, seeking an excuse for not advising Philadelphia of its clear knowledge of an impending lawsuit by its former employee. Even if SNL mistakenly believed that the suit would never be filed, once it received and responded to the settlement demand, it had a duty under the terms of the application to supplement its response to apprise Philadelphia of the pending litigation.  The fact remains that the Greenberg claim, which was material to the risk being insured by Philadelphia, was never disclosed.

SNL's counsel devotes a sizeable portion of the Opposition and its Reply Memorandum to the questionable circumstances of its abortive effort to secure an increase in its policy limits - - abandoned only after being told that a "Warranty Letter" , leaving no room for semantic maneuver, would be required.  On this subject it is enough to paraphrase the well-known line from Act III of Shakespeare's Hamlet:  "The [attorney] doth protest too much, methinks."

As the evidence reasonably supports a denial of liability, Philadelphia has a legitimate basis for its refusal to pay the claim and cannot be found to have acted in bad faith.  As such, this case does not fall under the scope of Va. Code § 38.2-209(A), and SNL's request for attorneys' fees must be denied.

WHEREFORE, for the foregoing reasons, defendant Philadelphia Indemnity

4

Insurance Company respectfully requests that its Motion for Summary Judgment be granted and that Judgment be entered in its favor against the plaintiff, SNL Financial, LC.

                                            Respectfully submitted,

_____/s/_____
David D. Hudgins (Virginia Bar No. 20602)
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA  22314
(703) 739-3300; Fax: (703) 739-3700
dhudgins@hudginslawfirm.com
*Counsel for Philadelphia Indemnity Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of September, 2009 I forwarded electronically defendant's Reply to Opposition to SNL's Motion for Summary Judgment to the following counsel of record:

Thomas E. Albro (Virginia Bar. No. 12812)
Tremblay & Smith, LLP
105-109 East High Street
P.O. Box 1585
Charlottesville, VA  22902
(434) 977-4455; Fax:  (434) 979-1221
Tom.Albro@tremblaysmith.com
*Counsel for SNL Financial, LC*

Dennis S. Rooker (Virginia Bar No. 16459)
Dennis S. Rooker, PC
1421 Sachem Place, Suite 3
Charlottesville, VA  22901
(434) 977-7424; Fax: (434) 974-7600
*Counsel for SNL Financial, LC*

                                           _____/s/_____
                                           David D. Hudgins